UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS D. THOMAS, Plaintiff | CIVIL ACTION NO. 1:18-CV-112-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dennis D. Thomas (#533237) ("Thomas"). Thomas was granted leave to proceed *in forma pauperis*. (Doc. 5). Thomas is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the David Wade Correctional Center ("RLCC") in Homer, Louisiana. Thomas complains that Defendants failed to protect him from harm inflicted by other inmates at Winn Correctional Center ("WCC"), and that he was denied adequate medical care after the attack.

I. Background

Thomas was attacked by another prisoner at WCC on April 8, 2013. (Doc. 1, p. 16). Thomas was pushed three times by the other inmate. After the third time, Thomas "defended himself by striking the prisoner upon the chin," causing the attacker "to fall in to a dazed stupor." (Doc. 1, pp. 16-17). When he awoke, the attacker charged at Thomas, but then retreated to the end of the tier. (Doc. 1, p. 17). Thomas followed the attacker "imploring him to make peace." (Doc. 1, p. 17). The

attacker retrieved a weapon from under his bed, and he and Thomas "squared off." (Doc. 1, p. 17). Another inmate then attacked Thomas from behind. (Doc. 1, p. 18).

Thomas walked to the infirmary, where he noticed three puncture wounds on his head. (Doc. 1, p. 19). Nurse Warren cleaned Thomas's wounds and applied "steri-strips" to two of the wounds. (Doc. 1, p. 19). Thomas pointed out to the nurse that she missed two other wounds. When Nurse Warren attempted to treat those, Thomas refused and demanded a tetanus shot. (Doc. 1, p. 19). The nurse advised Thomas the doctor would decide whether a shot was warranted. (Doc. 1, p. 19). Thomas complains he was not examined by a doctor. (Doc. 1, p. 19).

Thomas met with Shift Supervisor Ward, who informed Thomas that the surveillance footage was of poor quality. (Doc. 1 p. 20). Thomas's request to review the footage himself was denied. (Doc. 1, p. 20).

Thomas was escorted to disciplinary segregation and charged with a disciplinary violation. (Doc. 1, p. 21). Thomas was convicted and sentenced to 10 days of segregation. (Doc. 1, p. 22).

Thomas submitted an administrative grievance on April 15, 2013, arguing that he should have been allowed to view surveillance footage to prepare for his disciplinary hearing. (Doc. 1-2, p. 1). The response denying Thomas's grievance was issued over three years later, after a change in WCC's prison management company. (Doc. 1-2, p. 1). The grievance was denied by the DOC Secretary on January 30, 2017. (Doc. 1-2, p. 2). Thomas filed the § 1983 complaint on January 29, 2018. (Doc. 1).

## II. Instructions to Amend

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitations period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a § 1983 action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law determines when a § 1983 cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999).

A plaintiff is entitled to equitable tolling of his § 1983 claim for the time spent properly exhausting that claim through the administrative remedy process. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). According to his exhibits, it is unclear whether Thomas filed a grievance regarding Defendants' failure to protect him from an attack or the medical care he received. The documents provided indicate

that Thomas only filed a grievance because he was unable to review surveillance footage in preparation for his disciplinary hearing.

In order to be eligible for tolling, Thomas must have exhausted the claims that he raises in his § 1983 complaint. Thus, Thomas should amend and supplement his complaint by providing copies of any grievances filed regarding Defendants' failure to protect Thomas from harm and the medical care received. Thomas should also provide any responses received to those grievances that have not already been submitted.

IT IS ORDERED that Thomas amend and supplement his complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge