a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS D. THOMAS, Plaintiff | CIVIL ACTION NO. 1:18-CV-112-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dennis D. Thomas (#533237) ("Thomas"). Thomas was granted leave to proceed *in forma pauperis*. (Doc. 5). Thomas is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Thomas complains that Defendants failed to protect him from harm inflicted by other inmates at Winn Correctional Center ("WCC").[1]

Because Thomas cannot show that he is entitled to statutory tolling, his complaint should be dismissed as untimely.

I.  Background

Thomas was attacked by another prisoner at WCC on April 8, 2013. (Doc. 1, p. 16). Thomas was pushed three times by the other inmate. After the third time,

---

[1] Although Thomas named the nurse as a Defendant, Thomas emphasized in his amended complaint that he is not making a medical care claim, and his "sole claim is the failure to protect claim." (Doc. 13, p. 2).

Thomas "defended himself by striking the prisoner upon the chin," causing the attacker "to fall in to a dazed stupor." (Doc. 1, pp. 16-17). When he awoke, the attacker charged at Thomas, but then retreated to the end of the tier. (Doc. 1, p. 17). Thomas followed the attacker "imploring him to make peace." (Doc. 1, p. 17). The attacker "retrieved an ankle-wrap which he then used to cover the knuckles of his right hand." (Doc. 13, p. 3). The attacker and Thomas "squared off." (Doc. 1, p. 17). Another inmate then attacked Thomas from behind. (Doc. 1, p. 18).

Thomas walked to the infirmary, where he noticed three puncture wounds on his head. (Doc. 1, p. 19). Nurse Warren cleaned Thomas's wounds. (Doc. 1, p. 19).

Thomas met with Shift Supervisor Ward, who informed Thomas that the surveillance footage was of poor quality. (Doc. 1 p. 20). Thomas's request to review the footage himself was denied. (Doc. 1, p. 20).

Thomas was escorted to disciplinary segregation and charged with a disciplinary violation. (Doc. 1, p. 21). Thomas was convicted and sentenced to ten days of segregation. (Doc. 1, p. 22).

Thomas submitted an administrative grievance on April 15, 2013, arguing that he should have been allowed to view the surveillance footage to aid in defending against his disciplinary charge. The response to Thomas's grievance was issued over three years later, on December 8, 2016, after a change in WCC's prison management company. (Doc. 1-2, p. 1). The grievance was denied by the DOC Secretary on January 30, 2017.

II. <u>Law and Analysis</u>

A. <u>Thomas's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Thomas is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); <u>Rosborough v. Mgmt. and Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Thomas is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. <u>Thomas's complaint is prescribed.</u>

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations." <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994); <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitations period *sua sponte*. See <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a § 1983 action is borrowed from state law. <u>See</u> <u>Alford v. United States</u>, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides

a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law determines when a § 1983 cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999).

A plaintiff is entitled to equitable tolling of his § 1983 claim for the time spent properly exhausting that claim through the administrative remedy procedure. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). Because it was unclear from the original complaint whether Thomas was entitled to equitable tolling, Thomas was ordered to clarify whether he filed an administrative grievance regarding Defendants' failure to protect him. In his amended complaint, Thomas states that he does not have a copy of his administrative grievance, but the "second-step respondent frames plaintiff's complaint accurately." (Doc. 13, p. 5). The second step response indicates that Thomas only complained that "surveillance camera footage was of such poor quality that security personnel were finding it difficult to identify [Thomas's] attackers." (Doc. 1-2, p. 2). Therefore, according to his exhibits, Thomas did not file a grievance regarding Defendants' failure to protect him. Thomas only complained about the quality of the security footage and the Defendants' inability to identify the

attackers after the attack. (Doc. 1-2, p. 2). Because he did not exhaust regarding his failure to protect claim, Thomas is not entitled to toll the limitations period.

Without tolling, Thomas's failure to protect claim, which accrued on April 8, 2013, is time-barred.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Thomas's complaint be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_18th\_\_ day of June, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge